APCO MFG. CO. v. TEMCO ELECTRIC
MOTOR CO. *

TEMCO ELECTRIC MOTOR CO. v. APCO
MFG. CO.

(Circuit Court of Appeals, Fifth Circuit.
January 27, 1926.)

No. 4493.

1. Patents ☞328—Thompson patent, No.
1,072,791, for shock absorber for Ford cars
held not infringed.

Thompson patent, No. 1,072,791, for a shock
absorber to be used on Ford cars *held* not infringed.

2. Patents ☞234—Where a patent is for the
combination of well-known parts and therefore a narrow invention, there can be no infringement, unless means used are substantially same as those of the patent.

Where a patent is for the combination of
well-known parts, and is therefore a narrow invention, there can be no infringement thereof, unless the means used by alleged infringer are substantially the same as those of the patent.

3. Patents ☞101—Claim for patent is not allowable, where it is so general that its allowance would result in a patent for a result and not for mechanism producing it.

A claim for patent which is so general that
its allowance would result in a patent for a result and not for the mechanism producing it will not be allowed.

Appeal and Cross-Appeal from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Suit by the Temco Electric Motor Company against the Apco Manufacturing Company. Decree for plaintiff, and defendant appeals; plaintiff filing a cross-appeal. Decree reversed on original appeal, with directions, and plaintiff adjudged to take nothing by its cross-appeal.

James A. Branch and Clifford L. Anderson, both of Atlanta, Ga., and Moseley Arthur Keller, of New York City, for appellant and cross-appellee.

John A. Sibley, of Atlanta, Ga., and H. A. Toulmin and H. A. Toulmin, Jr., both of Dayton, Ohio (King, Spalding, MacDougald & Sibley, of Atlanta, Ga., on the brief), for appellee and cross-appellant.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal from a decree in which appellant was held to be an infringer of the Thompson patent, No. 1,072,791, issued September 9, 1913, for a shock absorber designed to be used in

*Certiorari granted 46 S. Ct. 483, 70 L. Ed. —.

combination with the leaf spring of a Ford automobile. The patent is owned by appellee, plaintiff below.

The Ford car is equipped with two semi-elliptic leaf springs; one over and parallel to each axle. The ends of each spring are turned down and attached by radius links to upright stanchions bolted through the axle, and the middle portions of the springs support the body of the car. The object of the patent in suit was to make riding easier by combining the coil or helical spring with the leaf spring. Thompson, the patentee, undertook to accomplish this result by a device which would absorb shocks between the axle and the leaf spring. The shock absorber which he described and illustrated contains an upright stanchion to take the place of the stanchion to which the leaf spring is attached, and a sliding hanger extending above the leaf spring and connected with it by the link which theretofore had been directly attached to the stanchion of the car. The spring which operates the sliding member of the shock absorber was at first placed around the stanchion, but later the stanchion was placed outside the spring. Each of the claims upon which the patent was granted is for a combination of a coil spring and a hanger attached to slide on a stanchion. One of the claims, which was disallowed by the District Court, is for "stanchions being adapted to limit the end motion of the leaf springs and thereby prevent the side sway of the chassis frame"; but it, as well as the other claims, describes the hanger as having a vertical movement and being guided by the stanchion. A claim for a combination of a helical and leaf spring was rejected by the Patent Office, because such combination was well known in the prior art. Of necessity, the side sway of the car and the thrust of the expanded leaf spring were limited by the stanchions of the shock absorber just as theretofore they had been by the stanchions of the car, and it was soon discovered that there was considerable friction between the stationary and the moving parts of the patented device. Thompson thereupon began to use a radius link on his device for the purpose of reducing friction, and applied for a patent on a new combination which included it. But in an interference proceeding in the Patent Office priority of the conception of a radius link as a part of a shock absorber adapted to the Ford car was awarded to one Storrie, and this ruling was upheld by the Court of Appeals of the District of Columbia. Appellant secured a license from Storrie, and used the radius

link on its device which it is claimed infringes upon the patent in suit.

Appellant's device has a conical spring mounted on a stanchion and a rod or hanger, which, at its lower end, is held in the center of the broad base of the spring by one end of a radius link, the other end of which fits into an eye in the stanchion on the side away from the leaf spring. The end of the radius link which holds the hanger in position is pivotally connected by a toggle arrangement with the radius link attached to the leaf spring. The rod or hanger is not a sliding member, but is held in position by the radius link of the Storrie patent.

The idea of putting the helical spring upon a hanger instead of placing it directly between the leaf spring and the axle is not new, but appears in former patents. There was no invention involved in the use of a stanchion to limit the side sway of the car and give play to the leaf spring, as is conclusively shown by the fact that a stanchion was already in use on the Ford car. A hanger adapted to slide on a supporting stanchion so as to limit side sway was the only thing in the Thompson patent which was new. Everything else in the combination was known in the prior art, and could not become the basis of a claim to invention. Therefore the patent in suit, being for a combination of well-known parts, is for a narrow invention.

[1, 2] The only question presented for decision, as it appears to us, is whether a radius link designed to control side sway is the equivalent of a sliding hanger used for the same purpose. If the means used by appellant are substantially different from those of the patent, there was no infringement, because the patent, being for the combination of well-known parts, is for a narrow invention. Walker on Patents, § 339. The rule doubtless would be different in the case of a pioneer patent where a broad range of equivalents is allowed in favor of the first inventor. In our opinion, the radius link which defendant had a right to use is essentially different from the sliding hanger. In appellee's device the coil spring is held upright against the stanchion by friction, while in appellant's device the rod or hanger is held in position, not by friction, but by the radius link, which keeps it from sliding against either the springs or the stanchion.

The able district judge was also of opinion that infringement had not been shown, but entered a decree in favor of appellee out of deference to two decisions of the Circuit Court of Appeals of the Sixth Circuit in K–W Ignition Co. v. Temco Electric Motor Co., 243 F. 588, 156 C. C. A. 286, and 283 F. 873. That was a case brought by the appellee in this case against a defendant who had been manufacturing appellee's shock absorber under a contract, and who, at the termination of the contract, manufactured a shock absorber which it was held infringed the Thompson patent of which appellee was the owner. The defendant in the cited case continued to use the same trade-mark which it had used during the period covered by its contract for the avowed purpose of dividing the market with appellee. While the contract was in force, appellee had begun to use the radius link on its device, and the court found as a fact that the defendant acquired its knowledge of the utility of the radius link from the appellee, and without knowledge of Storrie's claim. On the first appeal the claim of infringement was upheld. The second appeal dealt with an accounting for profits, and the court held that the question of priority of the right to use the radius link was not before it, but in awarding damages it recognized that the appellee was not entitled to the radius link, and refused to allow damages for its use. It is therefore apparent that the radius link idea was conceded to Storrie, and was not considered an equivalent of the sliding hanger of the Thompson patent. Appellant in this case does not stand in the relation of one who has been guilty of unfair competition, and its rights are to be determined solely upon the question of infringement.

[3] Appellee has filed a cross-appeal, and insists that the claim which the district court disallowed is valid. That claim is about as vague as it could be made. As pointed out by the district judge, it fails to specify the means by which the leaf and helical springs could be connected to and guided by the stanchion. To sustain a claim as general as this is would be to allow a patent for a "result and not for the mechanism producing it." American Crayon Co. v. Sexton, 139 F. 564, 71 C. C. A. 548.

Appellee takes nothing by its cross-appeal, and the decree is reversed on the original appeal, with directions for further proceedings not inconsistent with this opinion.